# United States Court of Appeals for the Federal Circuit

2007-7282

JACK R. MANSFIELD, SR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Robert P. Walsh, of Battle Creek, Michigan, argued for claimant-appellant.

David A. Harrington, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

2007-7282

JACK R. MANSFIELD, SR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-1165, Judge Lawrence B. Hagel.

_____

DECIDED: May 12, 2008

_____

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

SCHALL, Circuit Judge.

Jack R. Mansfield, Sr. appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans' Appeals ("Board") that June 11, 1993 is the earliest effective date for Mr. Mansfield's award of Department of Veterans Affairs ("VA") benefits under 38 U.S.C. § 1151. Mansfield v. Nicholson, No. 05-1165, 2007 WL 1599726 (Vet. App. May 16, 2007). Because the Veterans Court did not err in its determination that Mr. Mansfield's

1991 negligence claim under the Federal Tort Claims Act ("FTCA") did not form the basis for an earlier effective date, we affirm.

BACKGROUND

I.

In March 1989, Mr. Mansfield underwent gallbladder surgery at a Department of Veterans Affairs medical facility. His bowel was perforated during the surgery, which resulted in various postoperative complications and procedures, including a permanent colostomy. Mr. Mansfield subsequently elected to pursue a claim for negligence under the FTCA. See 28 U.S.C. § 1346(b)(1) (1988). On January 3, 1991, he submitted to the VA a Standard Form 95 ("SF-95"), seeking $500,000 in compensation for his injuries.[1] Mr. Mansfield's wife also submitted an SF-95, claiming $250,000 for her loss of services and consortium. When the Mansfields' claims were not resolved administratively, they initiated suit in the United States District Court for the Eastern District of Michigan, seeking a combined total recovery of $750,000 under the FTCA. The Mansfields eventually settled their claims for a total of $164,471.22 ($125,000 for the Mansfields and $39,471.22 for their attorney). Accordingly, the district court dismissed the case with prejudice on February 17, 1993.

Upon settlement, Mr. Mansfield's VA claims file was transferred to the VA Central Office located in Washington, D.C. On June 11, 1993, J. Gary Hickman, the VA's Director of Compensation and Pension Services, sent a letter to the VA Regional Office in Detroit, Michigan. The letter explained that Mr. Mansfield's negligence claim had

---

[1]    Mr. Mansfield was required, under 28 U.S.C. § 2675(a), to present his claim to the VA before initiating suit under the FTCA. A claimant may satisfy the requirements of section 2675(a) by submitting an SF-95. See 28 C.F.R. § 14.2(a) (1990).

been settled and that, pursuant to 38 C.F.R. § 3.800(a)(2), any award of VA benefits based on the same disability was subject to offset by the amount of the settlement. The letter further stated:

> Review of the claims folder reveals a claim for benefits has been filed which meets the requirements of 38 CFR § 3.154. Accordingly, development should be undertaken . . . . Upon completion of the required development, the material received, together with the claims folder, should be referred to the rating board for a decision as to entitlement to benefits under 38 U.S.C. § 1151. . . .

The record does not reflect that the VA Regional Office took any action with respect to this letter.

## II.

On October 5, 2000, Mr. Mansfield submitted a Form 21-4138 ("Statement in Support of Claim") to the VA. On that form, he claimed entitlement to VA benefits for the permanent colostomy he endured as a result of his March 1989 surgery. The VA granted Mr. Mansfield's request for benefits pursuant to 38 U.S.C. § 1151. In general terms, section 1151 provides that veterans disabled as a result of negligent treatment at VA medical facilities shall be compensated as if their disabilities are service-connected. See 38 U.S.C. § 1151(a) (2000).[2] The VA assigned an effective date of October 13, 2000 for Mr. Mansfield's disability, which corresponded to the date Mr. Mansfield's Form 21-4138 was received.[3] In addition, however, the VA notified Mr. Mansfield that his

---

[2] Accord 38 U.S.C. § 351 (1988).

[3] Because Mr. Mansfield did not file a claim within one year of his injury, the effective date of his award is the date on which his "claim" for VA benefits was received. See 38 U.S.C. §§ 5110(a), (c) (2000); 38 C.F.R. § 3.400(i) (2007); accord 38 U.S.C. §§ 3010(a), (c) (1988); 38 C.F.R. § 3.400(i) (1990).

monthly checks would be withheld until an amount equaling his FTCA settlement had been recovered. See 38 U.S.C. § 1151(b) (2000); 38 C.F.R. § 3.800(a)(2) (2007).[4]

Mr. Mansfield subsequently appealed to the Board, arguing for an earlier effective date. Among other things, he contended that his January 3, 1991 SF-95 submission constituted an informal claim for section 1151 benefits. In order to determine whether Mr. Mansfield's SF-95 constituted a claim for section 1151 benefits, the Board turned to the governing VA regulation, which provided:

> A formal claim for pension, compensation, dependency and indemnity compensation or <u>any statement in a communication showing an intent to file a claim for disability or for death benefits</u> resulting from the pursuit of a course of vocational rehabilitation, hospitalization, medical or surgical treatment, or examination under Department of Veterans Affairs laws may be accepted as a claim.

38 C.F.R. § 3.154 (2002) (emphasis added).[5] Under this standard, the Board concluded that Mr. Mansfield's SF-95 submission did not constitute a claim for section 1151 benefits. That was because his SF-95 did not contain an expression of intent to apply for such benefits. Rather, the SF-95 merely indicated Mr. Mansfield's intent to file a claim for tort damages, which, the Board reasoned, was quite different from a claim for VA benefits.

Notwithstanding its conclusion with respect to the SF-95, the Board determined that Mr. Mansfield was entitled to an effective date earlier than October 13, 2000—the effective date that had been assigned by the VA. The basis for that earlier effective date was the Director's June 11, 1993 letter. The Board was unable to reconcile its conclusion that there was no document in the record satisfying the requirements of 38

---

[4] Accord 38 U.S.C. § 351 (1988); 38 C.F.R. § 3.800(a)(2) (1990).

[5] The Board cited the 2002 version of 38 C.F.R. § 3.154. However, because section 3.154 remained unchanged from 1962 to 2004, the 2002 version cited by the Board reflects the language in effect during the relevant time period in this case.

C.F.R. § 3.154 with the Director's contrary statement, recited above, that "[r]eview of the claims folder reveals a claim for benefits has been filed which meets the requirements of 38 CFR § 3.154." The Board stated: "In the absence of any means for reconciling the conflict, the Board must find that the evidence of record with respect to the question of whether a claim was in fact of record in June 1993 is in relative equipoise and that the benefit of the doubt must be resolved in favor of the veteran." The Board therefore held that Mr. Mansfield's claim for section 1151 benefits was entitled to an effective date of June 11, 1993.

After initially remanding the case to the Board for additional explanation, the Veterans Court affirmed. The court agreed with the Board's conclusion that Mr. Mansfield's SF-95 did not constitute a claim for section 1151 benefits and that he was therefore not entitled to an effective date of January 3, 1991. Mansfield, 2007 WL 1599726, at *3. The court disagreed, however, with the Board's determination that Mr. Mansfield was entitled to an effective date of June 11, 1993 based upon the Director's letter. Id. at *4. The court stated that "the proper effective date for Mr. Mansfield's award of VA benefits is October 3, 2000," since no document in the record could constitute a claim for VA benefits until that date. Id. Nevertheless, the court explained that it would not disturb the effective date assigned by the Board because the error resulted in a benefit to Mr. Mansfield. Id. This appeal followed. We have jurisdiction over the appeal pursuant to 38 U.S.C. § 7292.

DISCUSSION

I.

On appeal, Mr. Mansfield presents two arguments. He first contends that the Board and Veterans Court erred in denying an effective date of January 3, 1991. He argues that, under a correct interpretation of the relevant VA regulations, the submission of an SF-95 notifying the VA of a negligence claim under the FTCA constitutes an informal claim for section 1151 benefits. Second, Mr. Mansfield argues that the VA's delay with respect to developing his claim for section 1151 benefits, despite the Director's instruction to do so, amounted to a denial of due process.

Our authority to review decisions of the Veterans Court is governed by statute. Pursuant to 38 U.S.C. § 7292(c), we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." However, "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000). Mr. Mansfield's arguments plainly invoke our jurisdiction under section 7292. His first contention relates to the interpretation of VA regulations; his second presents a constitutional issue. We address each of these, in turn.

II.

We first address Mr. Mansfield's argument that, under VA regulations, the submission of an SF-95 constitutes an informal claim for section 1151 benefits. He

specifically argues that, in concluding to the contrary, the Veterans Court failed to apply 38 C.F.R. § 3.150(c), which provides: "When disability or death is due to Department of Veterans Affairs hospital treatment, training, medical or surgical treatment, or examination, <u>a specific application for benefits will not be initiated</u>" (emphasis added).[6] According to Mr. Mansfield, the import of this regulation is that claims for disability benefits as a result of VA hospital care do not require the submission of any specific application. He argues that his FTCA SF-95 submission put the VA on notice of his core contention: that he was entitled to compensation for the injuries he sustained as a result of his gallbladder surgery. In rejecting his SF-95 as an informal claim for section 1151 benefits, he contends, the Veterans Court disregarded the lenient standard set forth in 38 C.F.R. § 3.150(c).

The government responds that the Veterans Court correctly determined that an SF-95 cannot constitute a claim for section 1151 benefits.[7] The government argues that the mere submission of an SF-95, in connection with a claim for negligence under the FTCA, does not satisfy the requirements of 38 C.F.R. § 3.154—the regulation that sets forth the requirements for a "claim" for section 1151 benefits. Specifically, the government contends that an SF-95 is not a "communication in writing indicating an intent to file a claim for disability compensation . . . <u>under the laws governing entitlement to veterans' benefits</u> for disability or death due to VA hospital care . . . ." 38 C.F.R.

---

[6] The quoted language reflects the current version of 38 C.F.R. § 3.150(c), which has not been amended since 1965.

[7] The government does not seek reversal of the Board's determination that Mr. Mansfield is entitled to an effective date of June 11, 1993 based upon the Director's letter.

§ 3.154 (2007) (emphasis added).[8] The government highlights several differences between the FTCA and the veterans' benefits system, explaining that an injured veteran has the option of pursuing either or both remedies. Thus, the government argues, there is no reason to conclude that notice of an FTCA claim—in the form of an SF-95 submission—indicates an intent to apply for veterans' benefits. According to the government, 38 C.F.R. § 3.150(c) must be read together with 38 C.F.R. § 3.154 such that, "while a specific application for section 1151 benefits will not be required, a claim for section 1151 benefits must nevertheless demonstrate an intent to seek such benefits." Appellee's Br. 20.

Both parties agree that the earliest effective date for Mr. Mansfield's section 1151 benefits corresponds to the date on which his claim for section 1151 benefits was received. They disagree, however, with respect to whether his SF-95 constitutes a "claim" for section 1151 benefits. We agree with the government that, under VA regulations in effect during the operative time period, an SF-95 does not constitute an informal claim for section 1151 benefits—at least where it merely provides notice of a veteran's intent to pursue a claim under the FTCA.

We first note that Congress has provided the VA with authority to establish the requirements for "claims" for veterans' benefits.

> A specific claim in the form prescribed by the Secretary [of Veterans Affairs] . . . must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary.

---

[8] The government cites the current version of 38 C.F.R. § 3.154, as amended on August 3, 2004.

38 U.S.C. § 5101(a) (2000).[9]  In accordance with that authority, the VA promulgated 38

C.F.R. § 3.154, which governs "claims" for section 1151 benefits.  The outcome of this

case is controlled by the language of 38 C.F.R. § 3.154 in effect when Mr. Mansfield

submitted his SF-95 on January 3, 1991:

> A formal claim for pension, compensation, dependency and indemnity compensation or <u>any statement in a communication showing an intent to file a claim for disability or for death benefits</u> resulting from the pursuit of a course of vocational rehabilitation, hospitalization, medical or surgical treatment, or examination <u>under Department of Veterans Affairs laws</u> may[10] be accepted as a claim.

38 C.F.R. § 3.154 (1990) (emphases added).  Thus, Mr. Mansfield's SF-95 did not

constitute a claim for section 1151 benefits unless it indicated "an intent to file a claim

for disability or for death benefits . . . under Department of Veterans Affairs laws."  For

the following reasons, we do not think that was the case.

The FTCA waives sovereign immunity for certain tort claims against the United

States.  The FTCA is not specific to the Department of Veterans Affairs; rather, it

applies to a "personal injury or death caused by the negligent or wrongful act or

omission of <u>any</u> employee of the Government while acting within the scope of his office

or employment."  28 U.S.C. § 1346(b)(1) (1988) (emphasis added).  It is thus clear that

an SF-95 itself is not a "claim for disability or for death benefits . . . under Department of

---

[9]     <u>Accord</u> 38 U.S.C. § 3001(a) (1988).

[10]     The use of "may" instead of "will" could be interpreted to mean that the VA has discretion to determine whether to accept a communication as a claim for benefits, even where it otherwise meets the requirements of 38 C.F.R. § 3.154.  <u>See</u> <u>Stewart v. Brown</u>, 10 Vet. App. 15, 18 (1997).  We do not reach that question in this appeal, however, as the government here has simply argued that Mr. Mansfield's SF-95 does not meet the standard set forth in 38 C.F.R. § 3.154.  Indeed, the government's brief even states that "under 38 C.F.R. § 3.154, VA <u>will</u> accept as a claim for benefits under 38 U.S.C. § 1151 'any communication in writing' as long as the writing 'indicat[es] an intent to file a claim for disability compensation . . . under the laws governing entitlement to veterans' benefits.'"  Appellee's Br. 20 (emphasis added).

Veterans Affairs laws." Nor, we think, does an SF-95 evidence an <u>intent</u> to file such a claim. The FTCA and the veterans' benefits system provide two distinct remedies. The FTCA allows claimants to pursue adversarial tort claims against the government. Absent settlement, claims under the FTCA are decided by federal district courts applying state law. <u>See</u> 28 U.S.C. § 1346(b)(1). In contrast, section 1151 claims are governed by the non-adversarial procedures that apply to claims for veterans' benefits. A claimant may elect to pursue either of these remedies, or even both. Nevertheless, the manner in which each claim is resolved remains fundamentally different. Thus, we do not think that an SF-95 providing notice of a tort claim against the VA reflects the requisite "intent to file a claim for disability or for death benefits . . . under Department of Veterans Affairs laws."

Indeed, the VA emphasized the distinction between the two remedies when it revised the language of 38 C.F.R. § 3.154 in 2004. The new regulation provides:

> VA may accept as a claim for benefits under 38 U.S.C. 1151 . . . any communication in writing indicating an intent to file a claim for disability compensation . . . <u>under the laws governing entitlement to veterans' benefits</u> for disability or death due to VA hospital care, medical or surgical treatment, examination, training and rehabilitation services, or compensated work therapy program, whether such communication is contained in a formal claim . . . or in any other document.

38 C.F.R. § 3.154 (2004) (emphasis added). The VA explained that the phrase "under the laws governing entitlement to veterans' benefits" was intended to clarify that claims under the FTCA do not constitute claims for section 1151 benefits. <u>See</u> <u>Department of Veterans Affairs Remarks Accompanying 2004 Revision of Section 3.154</u>, 69 Fed. Reg. 46,426, 46,427 (Aug. 3, 2004). The VA further stated:

> Because a claimant has the option of pursuing a tort claim without simultaneously pursuing a section 1151 claim, we do not believe that a claim submitted to VA seeking damages under the Federal Tort Claims

> Act should routinely be construed by VA as a claim for benefits under 38 U.S.C. 1151 . . . . Accordingly, we believe it is appropriate to provide that a claim will be construed as a claim for benefits under 38 U.S.C. 1151 . . . only if the veteran intended to seek those benefits as distinguished from monetary damages under the Federal Tort Claims Act.

Id. These statements by the VA are consistent with our interpretation of the prior version of 38 C.F.R. § 3.154.

We do not agree with Mr. Mansfield that 38 C.F.R. § 3.150(c), which provides that "a specific application for benefits will not be initiated," compels a different result. Generally, an informal claim for VA benefits is processed in two steps. First, the VA determines whether the veteran's submission satisfies the standard for an informal claim—i.e., whether the communication "indicat[es] an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs." 38 C.F.R. § 3.155(a) (1990). Second, upon receipt of an informal claim, the VA forwards a formal application form to the veteran. Id. If the veteran subsequently submits the form within one year, the veteran's formal claim will be deemed to have been received as of the date of receipt of the informal claim. Id.

Informal claims for section 1151 benefits, however, are processed differently. The VA still takes the first step of determining whether an "informal claim" has been filed under the standard set forth in 38 C.F.R. § 3.154, discussed above. However, 38 C.F.R. § 3.150(c)—titled "Forms to be furnished"—provides that the VA will not commence the second step of forwarding a formal application form to the veteran for completion, where the veteran is applying for section 1151 benefits. Thus, while the veteran is not required to submit a "specific application" for section 1151 benefits, 38 C.F.R. § 3.150(c), the veteran's submission must nevertheless satisfy the standard for an "informal claim" set forth in 38 C.F.R. § 3.154.

2007-7282                                    11

Nothing in the SF-95 that Mr. Mansfield filed with the VA indicates, or even suggests, that he thereby was making a claim for veterans' disability benefits. His only claim on that form, which is captioned "CLAIM FOR DAMAGE, INJURY, OR DEATH," was for $500,000 for "PERSONAL INJURY." The form further stated that "I . . . AGREE TO ACCEPT [SAID] AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM." This document is similar to the same form filed on the same day by his wife, seeking $250,000 for "a loss of services and consortium." The claim in Mr. Mansfield's SF-95 is the same claim made in his FTCA suit for the same amount he filed several months later in the district court. The SF-95 was just what it purported to be: the administrative agency claim seeking damages for tortious misconduct that is a prerequisite to filing an FTCA suit based on the same conduct. It was not a claim for veterans' disability benefits.

III.

Next, we address Mr. Mansfield's due process argument. In particular, he contends that the VA's delay in processing his claim for VA benefits amounted to a denial of due process under the Fifth Amendment. However, even if Mr. Mansfield's entitlement to section 1151 benefits constituted a cognizable property interest,[11] his claim would fail. For the reasons stated above, Mr. Mansfield's SF-95 was not a claim for section 1151 benefits. In addition, the Veterans Court found as a factual matter that Mr. Mansfield submitted no other document to the VA prior to his October 5, 2000

---

[11] See Cook v. Principi, 318 F.3d 1334, 1352–53 (Fed. Cir. 2002) (en banc) (Gajarsa, J., dissenting) (arguing that an applicant for veterans' benefits possesses a property interest of sufficient magnitude to invoke the protection of due process). We, of course, do not reach this question.

formal claim for section 1151 benefits.[12]  The VA promptly developed his claim and issued a decision awarding benefits on May 15, 2001.  Further, Mr. Mansfield has been retroactively awarded benefits effective June 11, 1993.  The present dispute only concerns his entitlement to benefits for the period of January 3, 1991 to June 11, 1993.  With respect to the disputed benefits, Mr. Mansfield has been afforded a great deal of process, including two Board decisions, two decisions of the Veterans Court, and this appeal.

## CONCLUSION

For the foregoing reasons, the decision of the Veterans Court affirming the Board's decision establishing June 11, 1993 as the earliest effective date for Mr. Mansfield's disability benefits under 38 U.S.C. § 1151 is affirmed.

## <u>AFFIRMED</u>

## COSTS

Each party shall bear its own costs.

---

[12]     Indeed, Mr. Mansfield admitted that he was not even aware—until he was informed by his physician—that he could submit a claim for section 1151 benefits. Thereafter, he filed his Form 21-4138 on October 5, 2000.