NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7138

JOSE G. APOLLO, SR.

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Jose G. Apollo, Sr., of Washington, DC, pro se.

Austin M. Fulk, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, Martin F. Hockey, Jr., Assistant Director. Of counsel was Phyllis Jo Baunach, Trial Attorney.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7138

JOSE G. APOLLO, SR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D. Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in 08-1029, Judge Mary J. Schoelen.

_____

DECIDED:  January 9, 2009

_____

Before RADER, FRIEDMAN and BRYSON, Circuit Judges.

PER CURIAM.

DECISION

Jose G. Apollo, Sr., appeals from an order of the United States Court of Appeals

for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus.  We

affirm.

BACKGROUND

Mr. Apollo served in the United States Marine Corps and Navy from 1976 to 1982. In 1983, the Department of Veterans Affairs ("DVA") granted Mr. Apollo a disability rating for service-connected hypertension. Mr. Apollo subsequently applied for vocational rehabilitation. He was placed in a vocational training program from 1992 to 1994, when his training was interrupted because of his poor academic progress. Mr. Apollo subsequently reapplied for vocational rehabilitation. In April 1995, the DVA regional office issued a decision terminating Mr. Apollo's rehabilitation benefits because of his failure to cooperate with a program psychologist and because the 12-year time limit on benefits had expired. Mr. Apollo again reapplied for benefits in 2000, and the regional office again denied his request.

In 2002, Mr. Apollo appealed the 1995 and 2000 regional office decisions to the Board of Veterans' Appeals. The Board found that the regional office's 1995 denial of benefits became final because Mr. Apollo failed to file a timely appeal from the decision, and it therefore refused to address his arguments regarding that denial. Mr. Apollo took an appeal from the Board's decision to the Veterans Court. On appeal, the Veterans Court held in a July 15, 2005, order that the regional office's 1995 decision did not become final because the regional office failed to issue the required Statement of the Case. The Veterans Court therefore vacated the Board's decision and remanded for issuance of an appropriate Statement of the Case.

The regional office issued a Statement of the Case in July 2007, and in September 2007 Mr. Apollo filed a new appeal with the Board regarding his 1995 termination of rehabilitation benefits. In the interim, however, the regional office

awarded Mr. Apollo entitlement to vocational rehabilitation benefits retroactive to June 1995. Accordingly, in a February 14, 2008, decision, the Board dismissed as moot Mr. Apollo's appeal challenging the termination of his benefits. The Board further explained that any disagreement as to the amount of his reimbursement would represent a separate issue that Mr. Apollo could raise with the regional office and appeal to the Board.

On April 2, 2008, Mr. Apollo filed a petition with the Veterans Court seeking extraordinary relief in the nature of a writ of mandamus. He sought an order from the court granting him additional reimbursement for vocational rehabilitation expenses that he had incurred since June 1995. Specifically, he claimed that the $21,000 in rehabilitation expenses that he received from the DVA was $59,000 less than the amount to which he was entitled. On May 30, 2008, the Veterans Court denied Mr. Apollo's mandamus petition because he had failed to demonstrate that he lacked other adequate means to obtain the relief he desired. Mr. Apollo then petitioned for review by this court.

DISCUSSION

Mr. Apollo contends that the Veterans Court erred in denying his petition for a writ of mandamus. We review the denial of a petition for a writ of mandamus by the Veterans Court for abuse of discretion. Lamb v. Principi, 284 F.3d 1378, 1384 (Fed. Cir. 2002). We find no abuse of discretion in this case.

A court may issue a writ of mandamus only if three conditions are satisfied: (1) the party seeking issuance of the writ must have no other adequate means to obtain the relief he desires; (2) the petitioner must demonstrate a clear and indisputable right to

the writ; and (3) the court, in its discretion, must be convinced that the circumstances warrant issuance of the writ. See Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 380-81 (2004); Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 403 (1976).

In its order denying Mr. Apollo's mandamus petition, the Veterans Court explained that any dispute as to the amount of reimbursement must be taken up with the regional office in the first instance. The court explained that Mr. Apollo had failed to show that he raised the issue of the amount of reimbursement with the regional office or that he appealed the issue to the Board. The court further noted that if Mr. Apollo believes that in its February 2008 decision the Board should have awarded him additional reimbursement, he can make that argument in his pending appeal to the Veterans Court. Thus, the court concluded that Mr. Apollo did not establish that he lacked alternative means to obtain the relief he sought, and it therefore denied his petition for a writ of mandamus. The writ of mandamus is not intended to be used as a "substitute for the regular appeals process," Cheney, 542 U.S. at 381, which is what the court found Mr. Apollo was attempting to do. We agree with the court's legal analysis and therefore uphold its denial of the petition as within its discretion.

Mr. Apollo further contends that the Veterans Court violated 18 U.S.C. § 4, the provision of the Criminal Code dealing with misprision of felony. Mr. Apollo alleges that the DVA forged his signature and falsified the date on his application for vocational rehabilitation. He further asserts that his case manager tampered with the eligibility termination date provided on a report from a counseling psychologist. Mr. Apollo argues that the Veterans Court knew of and actively concealed the alleged forgeries, in

violation of 18 U.S.C. § 4. However, Mr. Apollo did not make any forgery claims in his mandamus petition, and he does not provide any evidence that the Veterans Court was even aware of—much less intentionally concealed—any alleged falsification by the DVA. Moreover, the asserted violation of a criminal statute ordinarily does not confer a private right of action on a private plaintiff merely upon a claim that he was affected by the violation. See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994); Cort v. Ash, 422 U.S. 66, 79 (1975). We are aware of no authority for the proposition that an alleged violation of the federal misprision of felony statute gives rise to a private right of action. Mr. Apollo's argument that the Veterans Court improperly disregarded his claim to relief under 18 U.S.C. § 4 is therefore without merit. Mr. Apollo also apparently suggests that inconsistencies surrounding his termination date render the Veterans Court's July 2005 order invalid. Mr. Apollo did not raise that issue below, however, and he cannot present that argument for the first time on appeal.

Finally, Mr. Apollo alleges that the Veterans Court wrongly decided or violated numerous provisions of the U.S. Constitution, including the Full Faith and Credit Clause, the Due Process Clauses, and the Equal Protection Clause. Although we have jurisdiction over free-standing constitutional claims, see In re Bailey, 182 F.3d 860, 865 (Fed. Cir. 1999), an appellant's mere characterization of a question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack. Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Mr. Apollo's constitutional challenges focus on two issues. First, he asserts that the Veterans Court's denial of his petition for a writ of mandamus violated his constitutional rights, but he fails to show how the denial of the

petition violated the Constitution. We do not have jurisdiction to hear such an unsupported assertion of a constitutional violation. The thrust of Mr. Apollo's claim is that the Veterans Court's decision was incorrect, and a simple error in a court decision does not ipso facto constitute a constitutional violation. Second, Mr. Apollo argues that the Veterans Court failed to address constitutional claims that he raised in his mandamus petition below. We have jurisdiction to decide constitutional issues decided by or presented to the Veterans Court. However, Mr. Apollo made no explicit constitutional claim in his petition for a writ of mandamus, and the Veterans Court did not decide any constitutional issues when it denied the petition. Rather, the court concluded that Mr. Apollo failed to satisfy the requirements for the issuance of a writ, and that conclusion was well founded.

To the extent that Mr. Apollo contends that he was unconstitutionally denied vocational rehabilitation benefits without the benefit of due process procedures, his argument is without merit. Although the DVA initially terminated Mr. Apollo's benefits, it subsequently awarded him rehabilitation services retroactively. Mr. Apollo disputes the amount of reimbursement that he received, but he has been afforded the opportunity to contest the reimbursement level before the regional office and the Board in the case currently pending on appeal before the Veterans Court. He has thus not been deprived of due process by being denied an opportunity to have his claim addressed administratively and judicially. See Mansfield v. Peake, 525 F.3d 1312, 1319 (Fed. Cir. 2008).

For these reasons, we affirm the Veterans Court's denial of Mr. Apollo's petition for a writ of mandamus.