NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SETH A. HOOPER,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2026-1028

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-358, Judge Grant Jaquith.

---

Decided: March 16, 2026

---

SETH A. HOOPER, Ocean, NJ, pro se.

ERIC P. BRUSKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by PATRICIA M. MCCARTHY, BRETT A. SHUMATE.

---

Before REYNA, HUGHES, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Seth Hooper appeals pro se from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the decision of the Board of Veterans' Appeals ("Board") denying Mr. Hooper earlier effective dates for his service-connected disability compensation for PTSD, migraines, and a combined disability rating of 100%. *Hooper v. Collins*, No. 25-0358, 2025 WL 2484992, at *1 (Vet. App. Aug. 29, 2025) ("*Decision*"). For the reasons below, we *affirm-in-part* and *dismiss-in-part*.

## I.  BACKGROUND

Mr. Hooper served on multiple active-duty tours in the U.S. military between 2000 and 2011. *See Decision* at *1; *see also Hooper v. McDonough*, No. 2024-1262, 2024 WL 2064606, at *1 (Fed. Cir. 2024). Mr. Hooper filed claims for disability benefits in April 2006 for bilateral tinnitus and bilateral impaired hearing. *Decision* at *2; *see also* S. App'x 35; App'x 180.[1] Mr. Hooper was evaluated by a Veterans Affairs ("VA") examiner in May 2006 for his claims, where he also discussed his knee and dental concerns. *Decision* at *2. In October 2007, a VA regional office ("RO") granted Mr. Hooper service connection for left ear hearing loss and left knee patellofemoral syndrome ("PFS"). *Decision* at *2; *see also* App'x 174–83.

Between January 2019 and February 2020, Mr. Hooper sought and was granted compensation in RO decisions for other conditions relevant to this appeal:  (1) PTSD, App'x 110–13;  (2) migraines, App'x 131–36; and (3) traumatic brain injury ("TBI"),  App'x 104–08.  *See Decision*

---

[1]    We refer to the supplemental appendix filed by the Secretary of Veterans Affairs as "S. App'x," ECF No. 28, and the appendix filed by Mr. Hooper as an attachment to his reply brief as "App'x," ECF No. 31.

at *2–3.  Mr. Hooper was awarded a combined disability rating of 100% effective July 15, 2019.  *See* S. App'x 42.

In May 2024, Mr. Hooper moved for reconsideration, arguing that the VA made five clear and unmistakable errors ("CUE"), including failing to notify Mr. Hooper of his 100% Combined Disability Rating award related to the January 21, 2020, rating decision and four errors in not assigning an effective date of August 24, 2005, to Mr. Hooper's disability ratings for TBI, for migraines, for PTSD, and for a 100% combined disability rating. App'x 56; *Decision* at *3.  On July 12, 2024, the RO denied all CUE grounds except for the TBI CUE claim, which it did not address.  *See* S. App'x 82–87 (the "2024 RO CUE Decision"); *Decision* at *3 & n.3.  In July 2024, Mr. Hooper filed a Notice of Disagreement with the RO decision, asserting the same five CUE claims.  *Decision* at *3; S. App'x 99.

The Board denied all of Mr. Hooper's claims in the appeal of the 2024 RO CUE decision, indicating that it lacked jurisdiction over the TBI claim because it was not covered in the 2024 RO CUE Decision.  *See* S. App'x 13–24; *id.* at 15.  Mr. Hooper appealed to the Veterans Court, which affirmed the Board's decision denying Mr. Hooper's claims for earlier effective dates for migraine, PTSD, or a 100% disability rating.  *Decision* at *5–8.  The Board's decision further explained that the TBI issue was subject to "a separate claim stream"[2] and part of a different appeal to the

---

[2]    On February 13, 2020, Mr. Hooper filed a separate Notice of Disagreement, alleging the January 2020 RO decision (the "2020 RO Decision") should have provided an effective date of August 24, 2005, for Mr. Hooper's TBI disability claim.  *See* S. App'x 92.  In the appeals that followed, the Veterans Court remanded to the Board to further analyze Mr. Hooper's TBI claim, and we dismissed Mr. Hooper's appeal of that Veterans Court decision for lack of jurisdiction.  *Hooper v. McDonough*, 2024 WL

Veterans Court. *Decision* at \*4. Mr. Hooper then appealed to this court. S. App'x 29.

## II. DISCUSSION

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c); *Wanless*, 618 F.3d at 1336. However, absent a constitutional issue, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." § 7292(d)(2). "In other words, while we can review questions of law, we cannot review applications of law to fact." *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

As an initial matter, Mr. Hooper's appeal here arises out of the 2024 RO CUE Decision, which addressed his service-connected PTSD, migraines, and combined 100% disability rating claims, but not his TBI claim. *See Decision* at \*4 & n.3. Because the TBI claim has been the subject of a separate claim stream arising out of the separate 2020

---

2064606, at \*1–2 (Fed. Cir. May 9, 2024). On October 30, 2024, the RO denied Mr. Hooper's claim for an earlier effective date for service connection for his TBI claim. S. App'x 98. In May 2025, the Veterans Court again remanded the TBI effective date issue to the Board. *Hooper v. Collins*, 2025 WL 1546948, at \*5–6 (Vet. App. May 30, 2025). The Secretary indicates that Mr. Hooper has appealed the subsequent Board decision denying an earlier effect date for his TBI claim, which was pending before the Veterans Court as of December 2, 2025. *See* Secretary's Br. 15 n.2.

RO Decision, we do not have jurisdiction to hear his appeal with respect to his TBI benefits. *Decision* at \*1 n.1; *id.* at \*4; S. App'x 15; *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000) ("[T]he Board has not yet rendered a final decision on the CUE claim . . . . Accordingly, the [Veterans Court] correctly held that it lacked jurisdiction to consider the CUE claim.") (citing *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir 1998)). Thus, as part of this appeal, we lack jurisdiction to hear those issues in Mr. Hooper's appeal challenging the treatment of his TBI claim, including his claim that the VA violated his due process rights by providing insufficient notice. *See* Appellant's Br. 14–16. We proceed to address below the issues in Mr. Hooper's appeal regarding his PTSD, migraines, and combined 100% disability rating claims.

Mr. Hooper first argues that the Veterans Court failed to apply 38 C.F.R. § 3.156(c) to his PTSD, migraines, and combined 100% disability ratings claims. Appellant's Br. 5–6; Appellant's Reply Br. 6–8. Section 3.156(c) requires the VA to reconsider a claim if "at any time *after VA issues a decision on a claim*, [ ] VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim." 38 C.F.R. § 3.156(c) (emphasis added). Mr. Hooper contends that 38 C.F.R. § 3.156(c) required the VA to conclude that his claims for PTSD and migraines should receive an effective date of August 24, 2005. Appellant's Br. 6. However, the Veterans Court held that section 3.156(c) was inapplicable because "the Board plausibly found that the PTSD and migraine claims were first submitted in 2019" and there was no earlier decision on these claims to reconsider. *Decision* at \*7. To the extent that Mr. Hooper challenges the Veterans Court's conclusion that section 3.156(c) is inapplicable when there is no prior decision to reconsider, the Veterans Court's legal interpretation is consistent with the language of the regulation. 38 C.F.R. § 3.156(c) (applying only "after VA issues a decision on a claim"); *see Blubaugh*

*v. McDonald*, 773 F.3d 1310, 1314 (Fed. Cir. 2014) (explaining that "[s]ection 3.156(c) only applies when VA receives official service department records that were unavailable *at the time that VA previously decided a claim for benefits* and those records lead VA to award a benefit that was not granted in the previous decision.") (quoting New and Material Evidence, 70 Fed. Reg. 35,388, 35,388 (June 20, 2005)) (original emphasis removed and emphasis added). We thus reject Mr. Hooper's challenge to the Veterans Court's interpretation of 38 C.F.R. § 3.156(c).

Mr. Hooper next argues that the Veterans Court misapplied *Shea v. Wilkie*, 926 F.3d 1362 (Fed. Cir. 2019), specifically contending that 38 C.F.R. § 3.155(a) (2005) required the VA to find that his April 2006 claim encompassed Mr. Hooper's claims on appeal here. Appellant's Br. 6–8; Appellant's Reply Br. 8–9. Specifically, Mr. Hooper contends that a VA form he submitted in April 2006 cited a July 2005 demobilization exam supporting his earlier effective date claims. Appellant's Br. 7. However, the Veterans Court did not ignore *Shea* but instead concluded that the Board did not err in finding that Mr. Hooper "did not submit the July 2005 demobilization physical examination report," and that "the Board's finding that neither migraines nor [PTSD] was reasonably encompassed within the expanded April 2006 claim is plausibly supported by the evidence of record." *Decision* at *5–6; *see id.* at *5, *7 (describing *Shea*). We lack jurisdiction to review this application of law to fact.

Third, Mr. Hooper argues that the Veterans Court violated a "duty to adjudicate all claims reasonably related to that in-service injury," citing a Veterans Court opinion, *DeLisio v. Shinseki*, 25 Vet. App. 45 (2011). Appellant's Br. 9–10; Appellant's Reply Br. 9–10. However, no duty to assist can arise if the VA does not "comprehend[]" the condition on which the claim is based. *Sellers v. Wilkie*, 965 F.3d 1328, 1338 (Fed. Cir. 2020). As the Veterans Court explained, Mr. Hooper's argument—that the VA should be required to sympathetically read any disabilities

linked to the same service event—"conflicts with" our precedent in *Sellers, Decision* at \*6, which holds that the VA's duty to assist is "trigger[ed]" only by VA's "receipt of a formal claim that identifies the medical condition for which benefits are sought," *Sellers*, 965 F.3d at 1338. Mr. Hooper's proposed rule would undermine our holdings that "a veteran's formal claim is required to identify the sickness, disease, or injuries for which compensation is sought, at least at a high level of generality." *Id.* (citing *Shea*, 926 F.3d at 1362). Moreover, while Mr. Hooper alleges that the Veterans Court's failure to apply *DeLisio* "created constitutional violations of unlawful delay and claim fragmentation," Appellant's Br. 20, delay due to requiring a veteran to identify his injury does not violate the due process clause of the Fifth Amendment. *Mansfield v. Peake*, 525 F.3d 1312, 1319 (Fed. Cir. 2008).

Fourth, Mr. Hooper contends that both the Board and the Veterans Court erred by substituting their "own medical judgment in place of uncontroverted medical evidence and binding favorable findings," in violation of 38 U.S.C. § 5104A. Appellant's Br. 10–12; Appellant's Reply Br. 10–11. Mr. Hooper did not raise any such challenge before the Veterans Court, so we lack jurisdiction to review it. *See Belcher v. West*, 214 F.3d 1335, 1337 (Fed. Cir. 2000) ("[The veteran's] issue was not addressed by or presented to the [Veterans Court]. Accordingly, we are without jurisdiction to consider it.").

Fifth, Mr. Hooper argues that the Veterans Court "acted arbitrarily and capriciously, in violation of 38 U.S.C. § 7104(a) and § 7261(a)(3)(A) by affirming the VA's inconsistent application of the CUE standard" to his claims because the VA eventually granted CUE on his tinnitus claim but not on the other claims, such as migraines and PTSD, that are the focus of this appeal. Appellant's Br. 12–14; Appellant's Reply Br. 11–13. Mr. Hooper's appeal here is focused on the Veterans Court's "application" of these statutes to the facts of his case. Appellant's Br. 12–14. While Mr. Hooper invokes 38 U.S.C. § 7104(a) and

§ 7261(a)(3)(A), he does not meaningfully challenge the Veterans Court's limited interpretations of the statutes. *See Decision* at \*5, \*7. To the extent Mr. Hooper suggests the statutes together require the Veterans Court to "apply the same standard consistently to similarly situated claims," that rule was not violated because the claims were not similarly situated. Appellant's Br. 13; *cf. Serv. Women's Action Network v. Sec'y of Veterans Affs.*, 815 F.3d 1369, 1378 (Fed. Cir. 2016) ("find[ing] the distinction between [military sexual trauma]-based PTSD and non-[military sexual trauma]-based PTSD rational."). Here, because Mr. Hooper challenges the Veterans Court's application of the CUE rules to the facts of his claims and fails to meaningfully challenge any statutory interpretation of the Veterans Court, we lack jurisdiction over this challenge by Mr. Hooper.

Finally, Mr. Hooper challenges the VA's calculation of his 100% combined disability rating and the assigned effective dates under 38 U.S.C. § 1155 and 38 C.F.R. § 4.25, Appellant's Br. 18–19; Appellant's Reply Br. 14–15. We do not have jurisdiction to review this argument on appeal because "the factual findings of when a disability was claimed or service connection established are not subject to our review." *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010).

## CONCLUSION

We have considered Mr. Hooper's remaining arguments, including, but not limited to, the arguments raised in his Memorandum in Lieu of Oral Argument, ECF No. 36, and find them unpersuasive. For the foregoing reasons, we *affirm-in-part* and *dismiss-in-part*.

### AFFIRMED-IN-PART, DISMISSED-IN-PART

## COSTS

No costs.