NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7043

DAVID A. ATKINS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

David A. Atkins, of St. Louis, Missouri, pro se.

Jane C. Dempsey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director. Of counsel on the brief was David J. Barrans, Deputy Assistant General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7043

DAVID A. ATKINS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D.
Secretary of Veterans Affairs

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in case no. 05-1486.

_____

DECIDED:  June 9, 2008

_____

Before, BRYSON, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

David A. Atkins ("Atkins") appeals the Court of Appeals for Veterans Claims' ("Veterans Court") judgment affirming the Board of Veterans' Appeals' ("Board") denial of his claim for an earlier effective date for service connection for schizophrenic reaction.  We affirm.

I

Atkins served on active duty in the United States Army from November 1969 to December 1970.  In 1971, Atkins filed a claim for paranoid schizophrenia and depression, which was denied by a Department of Veterans Affairs ("VA") regional office

("RO"). Atkins did not appeal the RO's decision. In 1993, Atkins filed applications to open his previously denied claim, and, in 1997, the RO granted Atkins a 50% rating for service-connected schizophrenic reaction effective August 18, 1993. In 1998, Atkins submitted a Notice of Disagreement ("NOD") asserting that he should have received an effective date in 1971.

In 2005, the Board issued a decision finding, among other things, that the 1971 rating decision was final. This was based on the Board's conclusion that no objective evidence existed that indicated an NOD was ever filed and that Atkins failed to satisfy the regulatory requirement that good cause existed for the Board to consider equitable tolling of the time period for filing an NOD.[1] Atkins appealed this determination to the Veterans Court.

Through counsel, the only argument Atkins made on appeal to the Veterans Court was that the Board should have found that the time for filing an NOD as to the 1971 RO decision was equitably tolled. Atkins asserted that his 1998 NOD was an NOD as to the 1971 RO decision. The Veterans Court disagreed, holding that, based upon the actual wording and the context in which the 1998 NOD was written and submitted, it was an NOD as to the 1997 RO decision and not an NOD as to the 1971 RO decision. The Veterans Court thus held that the 1998 NOD did not confer upon the Board jurisdiction to review the 1971 RO decision. Because Atkins had not raised any other challenges on appeal, the Veterans Court affirmed the Board's decision that no basis existed for an effective date prior to 1993.

Atkins now appeals the Veterans Court's decision.

---

[1] The Board also found that there had "been substantial compliance with the assistance provisions set forth in the law and regulations."

Our review of a decision of the Veterans Court is limited. We have jurisdiction to review a Veterans Court decision with respect to the validity or interpretation of any statute or regulation relied on by that court in making that decision or with respect to the validity of the decision on a rule of law. See 38 U.S.C. § 7292(a). We also may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case unless a constitutional issue is presented. 38 U.S.C. § 7292(d)(2).

Atkins raises two issues on appeal: 1) the Veterans Court failed to order the VA to apply the Veterans Claims Assistance Act ("VCAA"); and 2) there were records missing from Atkins' file, including "a psychiatric exam conducted on the veteran right after his service connected injury."

The issue of whether the VCAA was properly applied was not raised during Atkins' appeal to the Veterans Court, where Atkins was represented by counsel. Accordingly, this argument is deemed waived. See Cedar Lumber, Inc. v. United States, 857 F.2d 765, 767 (Fed. Cir. 1988) (stating the general rule that arguments not presented to the trial court are deemed waived on appeal). Even if this issue were not waived, we would not be able to decide the issue, as Atkins does not argue that the VCAA is invalid or was misinterpreted. Rather, Atkins' argument involves the application of a regulation or law to the facts of a particular case, an issue outside our jurisdiction.

Atkins next asserts that there are records missing from his file which would support his claim that an NOD was filed in 1971. This issue, like the VCAA issue, was

not raised before the Veterans Court. Accordingly, it is deemed waived. Even if the issue of the existence of missing documents were not waived, we would lack jurisdiction, because whether records are missing from a VA file is a factual issue.

Finally, contrary to Atkins' assertions, the Veterans Court did not decide a constitutional issue. As explained above, the sole issue decided by the Veterans Court was whether the Board should have found that the time for filing an NOD as to the 1971 RO decision was equitably tolled.