NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**FRANCIS E. BUCHERT,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7046

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3271, Judge Lawrence B. Hagel.

---

Decided: June 8, 2011

---

FRANCIS E. BUCHERT, of Grand Prairie, Texas, pro se.

MICHAEL D. SNYDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR. Of counsel on the brief were DAVID J.

BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

---

Before LOURIE, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

Francis E. Buchert ("Buchert") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board"), which denied entitlement to an effective date earlier than June 11, 1997, for disability compensation for a tender and painful scar in the right rib area. *Buchert v. Shinseki*, No. 08-3271 (Vet. App. Aug. 17, 2010). We *dismiss*.

## BACKGROUND

Buchert served on active duty in the United States Navy from May 1953 to July 1956 and from May 1958 to May 1962. In May 1967, the regional office of the Department of Veterans Affairs ("VA") awarded Buchert disability benefits, with a 10% disability rating, for residuals of resection of the tenth rib with peripheral nerve damage. Buchert later sought an increased disability rating for that condition, which the VA denied. Buchert appealed the VA's decision to the Board, which awarded a separate 10% disability rating for a tender and painful scar and remanded the matter to the VA to determine an appropriate effective date. Under the applicable statute and regulation, the effective date of an award of compensation is the "date of receipt of the claim." 38 C.F.R. § 3.400; *see also* 38 U.S.C. § 5110(a). The veteran may, however, be entitled to an earlier effective date where there is evidence that an increase in disability occurred within the one-year period preceding the date of a claim

for increased rating. 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2). The date of a VA medical examination which demonstrates service connected disability is considered the date of an informal claim 38 C.F.R. § 3.157. Here, the VA assigned an effective date of June 11, 1997, because a VA medical examination on that date showed that Buchert experienced pain and tenderness related to his scar. Buchert appealed, contending that he was entitled to an earlier effective date.

On appeal, the Board denied Buchert's claim of entitlement to an earlier effective date because it found that "no treatment records dated prior to June 11, 1997, showed the presence of a tender and painful scar . . . ; therefore, none of these records amount[ed] to an informal claim." *In re Buchert*, No. 05-30 027, slip op. at 5 (Bd. Vet. App. Jan. 15, 2008). Buchert appealed the Board's decision to the Veterans Court. The Veterans Court affirmed the Board's decision, finding that Buchert had not established the existence of an earlier informal claim or evidence of an increase in disability within the year preceding the 1997 VA examination. The court also concluded that the Board's finding regarding the VA's satisfaction of its duty to assist was not clearly erroneous, noting that the VA made reasonable efforts to obtain relevant medical records, and where it was unable to do so, it was due to Buchert's failure to provide the VA with information necessary to obtain the records (e.g., a signed medical record release). Additionally, the court concluded that the Board did not err in failing to give weight to Buchert's lay testimony because it contained no reference to pain related to the scar and was thus insufficient to serve as evidence of an increase in disability in the year preceding the informal claim. Finally, the Veterans Court also concluded that the Board provided an adequate statement of reasons for its decision that an earlier effec-

tive date was not warranted because the "Board identified . . . medical records and lay statements" that were evaluated in reaching its decision and found that "all prior medical evidence in the record" failed to reference pain related to the scar.

## DISCUSSION

This court has jurisdiction to review decisions of the Veterans Court only with respect to a "challenge to the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c). We may not review factual determinations or the application of law to fact "[e]xcept to the extent that an appeal . . . presents a constitutional issue." *Id.* § 7292(d)(2); *see also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

Buchert does not contest the validity or interpretation of any statute or regulation. Instead, he argues that the VA (1) failed to satisfy its duty to assist, (2) failed to adequately consider his lay testimony, and (3) failed to provide a sufficient statement of the reasons and bases for the denial of an earlier effective date. The question of whether the VA satisfied its duty to assist involves a factual question. Whether the Board properly found that Buchert's testimony failed to demonstrate an increase in disability in the year preceding the claim is also a factual determination. And determining whether the Board provided a sufficient statement of the reasons for its decision involves the application of law to facts. As previously stated, we lack jurisdiction to review factual determinations or the application of law to fact   As a result, we must dismiss.

## DISMISSED

### COSTS

No costs.