NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THERESA H. HAYNES,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7027

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-3420, Judge William A. Moorman.

---

Decided: May 9, 2013

---

THERESA H. HAYNES, Spring, Texas, pro se.

K. ELIZABETH WITWER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant

Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before DYK, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

Theresa Haynes appeals from the decision of the Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the decision of the Department of Veterans Affairs ("VA") denying her entitlement to dependency and indemnity compensation ("DIC"). We *affirm*.

## BACKGROUND

Section 1151 of title 38 of the U.S. Code provides for DIC benefits for survivors of veterans whose non-service-connected deaths were "caused by hospital care, medical or surgical treatment, or examination furnished [to] the veteran" by the VA. *See* 38 U.S.C. § 1151(a)(1). Prior to October 1, 1997, the survivor did not need to show any fault on the part of the VA in order to establish entitlement under section 1151, so long as the medical treatment was the proximate cause of the veteran's death. *See* 38 U.S.C. § 1151 (1994) (providing DIC benefits to "any veteran . . . suffer[ing] injury . . . as the result of" VA medical care); *Brown v. Gardner*, 513 U.S. 115 (1994) (holding that the statute, as then in force, contained no requirement of fault). In 1996, however, Congress amended the statute, effective October 1, 1997, to require the survivor to prove that "the proximate cause of the disability or death was . . . carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the [VA] in furnishing the hospital care, medical or surgical treatment, or examination." *See* 1997 Departments of Veterans Affairs and Housing and Urban

Development, and Independent Agencies Appropriations Act ("VA Appropriations Act"), Pub. L. No. 104-204, § 422(a),(c), 110 Stat. 2874, 2926-27 (1996) (amending 38 U.S.C. § 1151).

Ms. Haynes's late husband, Emil P. Haynes, served in the U.S. Army from April 1968 to April 1970. In January and February 1987, Mr. Haynes was hospitalized at a VA facility for surgical treatment of a service-connected knee disability. The records from that hospitalization do not disclose any complaints of, or treatment for, any gastrointestinal maladies. In March 1987, Mr. Haynes provided a medical history to the VA's medical staff, in which he denied having any gastrointestinal problems. In December 1987, Mr. Haynes was admitted to a private hospital, complaining of abdominal pain, and was diagnosed with colon cancer. According to notes made by the treating physician at the private hospital, Mr. Haynes claimed to have been treated at a VA hospital "approximately a year [earlier]" for severe abdominal pains, and to have undergone medical tests that revealed the presence of "a spot on his intestine." J.A. 47. According to the same notes, Mr. Haynes reported also that the VA did not follow up on these test results. Mr. Haynes underwent a colectomy at the private hospital, but died of colon cancer in April 1990.

After Mr. Haynes's death, his widow, Ms. Haynes, filed a claim for DIC benefits under section 1151, alleging that the VA's failure to diagnose his cancer caused his premature death. The VA regional office denied her claim, and in 1996 the Board of Veterans' Appeals ("Board") affirmed. *See In re Hearne-Haynes*, No. 89-15 288 (Bd. Vet. App. Nov. 27, 1996). Ms. Haynes did not appeal the Board's decision to the Veterans Court, and it became final.

In January 1999, Ms. Haynes sought to reopen her claim, citing new and material evidence in the form of a

copy of the private physician's notes from 1987 and a signed affidavit in which she testified that her husband had sought treatment at a VA hospital for abdominal discomfort and bloody stool prior to his diagnosis of colon cancer. *See* 38 U.S.C. § 5108 (allowing a claim to be reopened on grounds of "new and material evidence"). After the VA regional office initially denied her petition to reopen, the Board eventually reversed the regional office's decision, reopened the claim, and remanded it to the regional office for additional development. Ms. Haynes submitted a medical evaluation by another private physician, Dr. Bash, who opined that the VA's failure to diagnose the veteran's colon cancer prior to December 1987 was "below the standard of care and represents poor judgment, skill, and/or negligence," and that the "poor VA care caused [the veteran] to die prematurely." J.A. 66. This opinion was based in part on Ms. Haynes's statement to Dr. Bash that prior to her husband's cancer diagnosis, he had complained to VA physicians of abdominal pain, bloody stool, and weight loss. The Board then sought an independent medical evaluation from another physician, Dr. Grem. Dr. Grem opined that the VA's failure to detect the tumor was not negligent, based both on the absence of any VA records establishing that Mr. Haynes had complained to his VA physicians of abdominal pain and on the rarity of colon cancer among individuals matching Mr. Haynes's demographic profile.

The VA regional office denied Ms. Haynes's reopened claim, and the Board affirmed the denial in 2009. *See In re Haynes*, No. 00-04 133 (Bd. Vet. App. June 30, 2009). The Board found that "Dr. B[ash]'s credibility is impaired due to statements that he made that are not supported by the evidence of record." *Id.*, slip op. at 19. In particular, the Board noted that Dr. Bash had supplied an earlier evaluation opining that Mr. Haynes's colon cancer was most likely caused by Agent Orange exposure occurring in Vietnam, only to withdraw the evaluation when informed

by the VA that Mr. Haynes's service records did not reveal any service in Vietnam. The Board also noted that Dr. Bash relied for his second opinion on Ms. Haynes's statements indicating that her husband had complained to the VA of abdominal pain, even though those statements were contradicted by the veteran's March 1987 medical history. By contrast, the Board credited Dr. Grem's evaluation, according to which Mr. Haynes's medical records did not support the allegation that the VA was negligent in failing to diagnose his cancer.

Ms. Haynes appealed to the Veterans Court, which affirmed. *See Haynes v. Shinseki*, No. 10-3420 (Vet. App. Aug. 31, 2012). The court applied the post-1997 version of the statute, which requires proof of fault. *Id.*, slip op. at 3 & n.1. Ms. Haynes appealed to this court. Our jurisdiction in this case is governed by 38 U.S.C. § 7292.

## DISCUSSION

We review legal determinations of the Veterans Court de novo. *See* 38 U.S.C. § 7292(a); *Guillory v. Shinseki*, 669 F.3d 1314, 1317-18 (Fed. Cir. 2012). We lack jurisdiction, however, to review factual determinations or the application of law to facts. *See* § 7292(d); *Durr v. Nicholson*, 400 F.3d 1375, 1378 (Fed. Cir. 2005).

Ms. Haynes challenges first the decision of the Veterans Court to apply the post-1997 version of section 1151, with its requirement that she prove negligence on the part of the VA. Ms. Haynes argues that because her appeal relates to a claim filed prior to the amendment's effective date, the application of the post-1997 version of the statute is impermissibly retroactive. The VA's denial of Ms. Haynes's original 1991 application for DIC benefits became final when she failed to appeal the Board's 1996 decision, however, and the present litigation stems from her 1999 petition to reopen her claim on the basis of new and material evidence. Congress explicitly made the amended statute applicable to claims for which a petition

to reopen was filed after the amendment's effective date. *See* VA Appropriations Act, § 422(b)(2), 110 Stat. at 2927 ("Section 1151 of title 38, United States Code (*as amended by subsection (a)*), shall govern all administrative and judicial determinations of eligibility for benefits under such section that are made with respect to claims filed on or after the effective date [of October 1, 1997] . . . , including those based on original applications and *applications seeking to reopen, revise, reconsider, or otherwise readjudicate on any basis claims for benefits under such section 1151 or any provision of law that is a predecessor of such section.*" (emphases added)). Clear statements of this sort by Congress regarding "the proper temporal reach of statutes" are conclusive, absent a constitutional limitation on Congress's power. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 272-73 (1994); *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1341 (Fed. Cir. 2001) (en banc).

We see no constitutional difficulty in applying the amended version of section 1151 as Congress has dictated. Even if we were to assume that this application of the amended statute qualifies as "retroactive," as our precedent has defined that term, *see Princess Cruises, Inc. v. United States*, 397 F.3d 1358, 1366 (Fed. Cir. 2005); *see also Landgraf*, 511 U.S. at 269 ("A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment . . . ."), the burden would lie on Ms. Haynes "to establish that the legislature has acted in an arbitrary and irrational way," and that no "rational legislative purpose" exists for applying the amendment retroactively. *See Commonwealth Edison*, 271 F.3d at 1341 (quotation marks omitted); *see also United States v. Sperry Corp.*, 493 U.S. 52, 64-66 (1989) (applying rational basis scrutiny). Ms. Haynes has not met this burden. *See also Landgraf*, 511 U.S. at 272 (noting that "the constitutional

impediments to retroactive civil legislation are . . . modest" (emphasis omitted)).

Ms. Haynes also challenges the Board's decision to seek an independent medical evaluation from Dr. Grem. Ms. Haynes relies on case-law from the Veterans Court prohibiting the VA from seeking evaluations in order to "obtain evidence against an appellant's case," *see Mariano v. Principi*, 17 Vet. App. 305, 312 (2003). We need not decide whether this case-law reflects a correct interpretation of the statute. It is undisputed that the Board may request such an evaluation when doing so is "necessary to make a decision on a claim." *See* 38 U.S.C. § 5103A(d)(1); 38 C.F.R. § 3.159(c)(4). As the government points out, in light of concerns about Dr. Bash's credibility, the Board reasonably needed a second evaluation in order to "make a decision on [Ms. Haynes's] claim," *see* 38 U.S.C. § 5103A(d). We see no error in the Board's decision to seek a second opinion.

Finally, Ms. Haynes challenges the Veterans Court's determination that an additional ground for DIC benefits, related to the VA's alleged failure to treat her husband's dental disease, was not raised before the Board or "reasonably raised by the record." *See Haynes*, No. 10-3420, slip op. at 5 (Vet. App. Aug. 31, 2012). The sole evidence presented by Ms. Haynes that the issue was properly raised in the context of this claim is a pair of letters from the VA, issued in response to an administrative tort claim filed by Ms. Haynes in February 2012, noting that a prior tort claim also related to the death of Mr. Haynes was filed in 1993. Nothing in either of these letters can reasonably be read as conceding that Ms. Haynes had properly raised the issue of her husband's dental disease in the context of her DIC claim. *See Mansfield v. Peake*, 525 F.3d 1312, 1317 (Fed. Cir. 2008) (explaining the distinction between a federal tort claim and a claim for veterans' benefits under section 1151). We therefore see no reason

to disturb the Veterans Court's determination, even if we assume that we would have jurisdiction to do so.

We have considered Ms. Haynes's other arguments, and find them to be without merit.

**AFFIRMED**

COSTS

No costs.