NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TEDDY H. TEEL,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7139

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-2919, Judge Donald L. Ivers.

---

Decided: May 9, 2013

---

TEDDY H. TEEL, of Bossier City, Louisiana, pro se.

RICHARD P. SCHROEDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy

Assistant General Counsel, and JOSHUA P. MAYER, Attorney, United States Department of Veterans Affairs, of Washington, DC.  Of counsel was JONATHAN E. TAYLOR, Attorney .

---

Before O'MALLEY, SCHALL, and WALLACH, *Circuit Judges.*

PER CURIAM

Teddy H. Teel appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of Mr. Teel's claim for a disability rating over ten percent for ulcerative colitis. *Teel v. Shinseki*, No. 10-2919, 2011 WL 5966245 (Vet. App. Nov. 30 2011) ("Veterans Court Decision").  Because the issues raised by Mr. Teel on appeal require the application of law to fact, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Teel served on active duty in the United States Air Force from 1979 to 1983 and from 1985 to 2002.  In November 2002, the regional office ("RO") granted Mr. Teel service connection for ulcerative colitis at a noncompensable rate.[1]  However, after Mr. Teel appealed the RO's decision, the RO issued a Supplemental Statement of the Case ("SSOC") increasing the disability rating for ulcerative colitis to ten percent.  In July 2007, the Board remanded Mr. Teel's ulcerative colitis claim with instructions to the RO to provide a VA medical examination.  At

---

[1]  Mr. Teel had also filed a claim for service-connected sight degradation, which the RO denied. Following numerous appeals, the Veterans Court, as part of the decision currently on appeal, vacated and remanded the denial of Mr. Teel's sight degradation claim.  Thus, the sight degradation claim is not at issue in the instant appeal.

the November 2008 examination, the examiner considered, *inter alia,* Mr. Teel's recent gastrointestinal treatment records and Mr. Teel's own description of his illness. The examiner diagnosed Mr. Teel with mild ulcerative colitis and indicated that the most benign rating would be appropriate. Following the examination, the RO issued another SSOC again assigning a ten percent rating for moderate ulcerative colitis with infrequent exacerbation. *See* 38 C.F.R. § 4.114, DC 7323 (2011). On appeal, the Board likewise denied Mr. Teel's request for a rating of over ten percent.

Mr. Teel then appealed to the Veterans Court, which affirmed the Board's decision. In particular, the Veterans Court found the Board's denial of a rating over ten percent was "supported by a plausible basis in the record," such as the examiner's finding that Mr. Teel's ulcerative colitis was "mild and benign." Veterans Court Decision at *4. The Veterans Court also considered Mr. Teel's argument that he was entitled to a higher rating in light of the benefit of the doubt provision in 38 U.S.C. § 5107(b). However, the Veterans Court concluded this argument lacked merit because the record supported the Board's finding that "'[t]he preponderance of the evidence [was] against" Mr. Teel's claim for a higher evaluation of ulcerative colitis. *Id.* at *6. Finally, in response to Mr. Teel's argument contesting the adequacy of the Board's statement of reasons or bases, the Veterans Court held "[t]he Board's decision [was] supported by . . . an adequate statement of reasons or bases." *Id.* at *4. Mr. Teel filed a timely appeal with this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof

(other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). The Veterans Court's legal determinations are reviewed *de novo*. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

On appeal, Mr. Teel argues the Board failed to consider all the record evidence and did not "provide an adequate statement of reasons or bases for its determination." Appellant's Br. at 5; *see also id.* at 10 (arguing the Board failed to consider Mr. Teel's sworn testimony). In particular, he argues the Board "failed to provide adequate reasons or bases for the implicit rejection of the credible and probative medical evidence" with respect to Mr. Teel's colitis. Appellant's Br. at 7. He contends the "examiner should have classified [his] long history of left-sided colitis and high risk of colon cancer in the [m]oderate classification not the [m]ild classification." Appellant's Br. at 9. Additionally, according to Mr. Teel, "the Board failed to consider [his] assertion of pain . . . of degenerative joint disease and lower back pain . . . ." Appellant's Br. at 14.

None of Mr. Teel's contentions present an argument of legal error by the Veterans Court over which this court would have jurisdiction. Rather, Mr. Teel challenges the Board's factual determination that Mr. Teel was eligible for only a ten percent rating for his service-connected colitis. To the extent that Mr. Teel's appeal can be construed to challenge the Veterans Court's holding that the Board's decision was supported by an adequate statement of reasons or bases, he contests the Veterans Court's application of law to the facts of this case. Because this court lacks jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as

applied to the facts of a particular case," 38 U.S.C. § 7292(d)(2), Mr. Teel's appeal is dismissed for lack of jurisdiction.

## DISMISSED

No costs.