NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL J. MACDONALD,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1099

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4175, Judge Margaret C. Bartley.

---

Decided: February 12, 2018

---

MICHAEL J. MACDONALD, Rockford, IL, pro se.

ANAND RAVI SAMBHWANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; Y. KEN LEE, BRIAN D. GRIFFIN, MEGHAN ALPHONSO, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

———————————

Before TARANTO, BRYSON, and STOLL, *Circuit Judges.*

PER CURIAM.

Michael Macdonald sought compensation under 38 U.S.C. § 1151 for disabilities that he alleged resulted from cervical spine surgery he had in February 2003 at a medical center operated by the Department of Veterans Affairs (DVA). The Board of Veterans' Appeals determined that the disabilities were neither the result of carelessness, negligence, lack of proper skill, error in judgment, or other fault on DVA's part nor the result of an event that had not been reasonably foreseeable. The Board also determined that the surgery was performed with Mr. Macdonald's informed consent. On those bases, the Board concluded that Mr. Macdonald had not shown entitlement to compensation under 38 U.S.C. § 1151. The United States Court of Appeals for Veterans Claims affirmed. Mr. Macdonald appeals, but we must dismiss his appeal as falling outside our limited jurisdiction.

I

Mr. Macdonald served in the United States Army from April 1968 to April 1970. On February 4, 2003, he underwent an anterior cervical discectomy to correct cervical radicular myelopathy secondary to severe spinal cord compression that was caused by a herniated disc. Before the surgery, Mr. Macdonald had severe right arm pain that extended into his shoulder, sensory dysfunction in his right hand, and numbness and weakness in both hands. The surgical summary did not identify any complications. After the surgery, Mr. Macdonald reported paralysis in his upper and lower extremities on his right side and he was transferred to the intensive care unit. His condition improved and he was discharged from the

DVA medical center a few days later. At a follow-up evaluation on February 12, 2003, Mr. Macdonald complained of right-side arm and leg weakness and neck and shoulder pain, and it was noted that he had mild to moderate paralysis in his upper and lower extremities "'secondary to trauma sustained during surgery.'" Respondent's Appendix (Resp. Appx) 2.

Mr. Macdonald filed a claim under 38 U.S.C. § 1151, seeking compensation for cervical spine myelopathy with right-side weakness, electrical shock sensations, involuntary jerking movements, and neck pain. In May 2003, he underwent a DVA examination. The examiner determined that it was less likely than not that Mr. Macdonald's current disabilities resulted from the surgery because they were consistent with pre-surgery findings. The DVA regional office denied Mr. Macdonald's claim in July 2003, and Mr. Macdonald did not appeal that decision. When he sought to reopen his claim in April 2005, the DVA regional office denied the request, finding no new and material evidence. Mr. Macdonald did not appeal that decision.

In April 2009, Mr. Macdonald again sought to reopen his claim for compensation under Section 1151, this time relying on a July 2008 DVA evaluation. In June 2009, a DVA examiner stated that Mr. Macdonald's disability was not the result of DVA fault or of an event associated with the surgery that was not reasonably foreseeable. In September 2009, the DVA regional office again denied Mr. Macdonald benefits under Section 1151.

Mr. Macdonald appealed the regional office's decision to the Board. In November 2010, he submitted a neurology evaluation from a private physician identifying cervical myelopathy. In January 2015, the Board remanded the claim to obtain both outstanding medical records and a new medical opinion about whether Mr. Macdonald had cervical myelopathy from the February 2003 surgery (1)

due to negligence, lack of proper skill, carelessness, error in judgment, or similar fault by DVA or (2) due to an event that was not reasonably foreseeable. The remand order identified various facts that the examiner should consider.

On remand, a DVA examiner issued an opinion in March 2015. The examiner concluded that, while Mr. Macdonald had cervical myelopathy because of the February 2003 surgery, it was less likely than not that the disability was caused by fault on the part of DVA, and that the post-operative problems were both discussed with Mr. Macdonald before the surgery and reasonably foreseeable. In April 2015, a private physician opined that Mr. Macdonald had myelopathic changes in his cervical spinal cord, which were worse after his February 2003 surgery. In October 2015, the Board, considering the evidence, determined that Mr. Macdonald was not entitled to compensation under Section 1151. It found that Mr. Macdonald's disabilities were neither due to negligence, carelessness, error in judgment, lack of proper skill, or similar fault by DVA nor proximately caused by an event that was not reasonably foreseeable at the time of the surgery. The Board also found that Mr. Macdonald had given informed consent to the surgery.

Mr. Macdonald appealed the Board's decision to the Veterans Court. He challenged the Board's determination that the DVA examiner's March 2015 opinion was adequate and in compliance with the remand order. *Macdonald v. Shulkin*, No. 15-4175, 2017 WL 3722615, at *4–5 (Vet. App. Aug. 30, 2017). Mr. Macdonald did not challenge the Board's finding regarding informed consent. *Id.* at *5 n.3. The Veterans Court affirmed the Board's decision. *Id.* at *5. In particular, the Veterans Court ruled that the Board did not clearly err in finding the examiner's March 2015 opinion adequate and that the Board gave adequate reasons for its determination. *Id.* In addition, the Veterans Court concluded that the Board

did not err in finding that the examiner's March 2015 opinion substantially complied with the Board's remand instructions. *Id.* Mr. Macdonald filed a motion for reconsideration, which the Veterans Court denied on October 2, 2017. Resp. Appx 9–10. Mr. Macdonald appeals.

## II

This court's jurisdiction to review decisions of the Veterans Court, defined by 38 U.S.C. § 7292, is limited. We have jurisdiction to decide an appeal insofar as it presents a challenge to a Veterans Court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). We do not have jurisdiction to review a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Mr. Macdonald raises three issues on appeal. All of them are outside our limited jurisdiction.

## A

Mr. Macdonald first argues that the Veterans Court erred in how much weight it gave to various medical records and opinions. Because no constitutional issue is before us, we may not review factual determinations or applications of law to fact in this case. Mr. Macdonald's first challenge, however, is entirely a challenge to the Veterans Court's determination regarding the weight that certain evidence should be given. "The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations." *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010). Mr. Macdonald's first challenge is therefore outside our jurisdiction.

B

Mr. Macdonald next argues that DVA violated 38 C.F.R. § 3.159(c)(4) by requesting the opinion of a DVA examiner even though Mr. Macdonald had submitted private medical records and opinions. The cited regulation provides that a medical examination or opinion will be obtained if DVA determines that one is necessary to decide the claim. 38 C.F.R. § 3.159(c)(4)(i). It adds that "[a] medical examination or medical opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but: (A) Contains competent lay or medical evidence of a current diagnosed disability or persistent or recurrent symptoms of disability . . . ." *Id.* The regulation thus recognizes that a new medical examination or opinion may be necessary even when medical evidence is already present. *See Haynes v. Shinseki*, 524 F. App'x 690, 693-94 (Fed. Cir. 2013) (holding that the Board did not err in seeking a second medical opinion when there were concerns about the private physician's credibility).

The Veterans Court and the Board determined that Mr. Macdonald's private medical records did not address whether the worsening of his condition was the result of fault on the part of DVA. *Macdonald*, 2017 WL 3722615, at *5; *see also* Resp. Appx 27. The determination that necessary information was missing is an application of law to fact, which we lack jurisdiction to review. *See, e.g.*, *Teel v. Shinseki*, 524 F. App'x 685, 687 (Fed. Cir. 2013); *Buchert v. Shinseki*, 423 F. App'x 988, 990 (Fed. Cir. 2011). Mr. Macdonald challenges only the application of the cited regulation, not its interpretation or validity. We therefore lack jurisdiction over Mr. Macdonald's second challenge.

C

Finally, Mr. Macdonald asserts that he did not give informed consent to the surgery. The Board, in its Octo-

ber 9, 2015 decision, found informed consent. *See* Resp. Appx 30–31. Mr. Macdonald did not appeal that finding to the Veterans Court. *See Macdonald*, 2017 WL 3722615, at *5 n.3. Consequently, he has waived the ability to raise the issue here. *See Cedar Lumber, Inc. v. United States*, 857 F.2d 765, 767 (Fed. Cir. 1988) (applying the "general rule that arguments not presented to the . . . initial adjudicatory forum[] are waived on appeal"); *see, e.g., Atkins v. Peake*, 280 F. App'x 986, 987 (Fed. Cir. 2008) (concluding that a challenge was waived when the claimant, represented by counsel, did not present it to the Veterans Court). In any event, Mr. Macdonald's challenge regarding informed consent involves only a challenge to a factual determination, which we lack jurisdiction to review. *See, e.g.*, *Teel*, 524 F. App'x at 687; *Buchert*, 423 F. App'x at 990.

## III

Because Mr. Macdonald presents only challenges that fall outside our jurisdiction, we dismiss for lack of jurisdiction.

No costs.

## DISMISSED