NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER A. VACA,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2022

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-8745, Judge Joseph L. Toth.

---

Decided: October 7, 2021

---

CHRISTOPHER A. VACA, San Antonio, TX, pro se.

RAFIQUE OMAR ANDERSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., TARA K. HOGAN.

---

Before PROST, REYNA, and STOLL, *Circuit Judges*.

PER CURIAM.

Christopher Vaca, a United States Army veteran, appeals the decision of the United States Court of Appeals for Veterans Claims in *Vaca v. Tran*, No. 19-8745, 2021 WL 422506 (Vet. App. Feb. 8, 2021). Mr. Vaca raises a number of arguments asserting that his disability ratings decisions should be corrected because they contain clear and unmistakable error (CUE). Because Mr. Vaca's challenges on appeal involve the application of law to fact, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Vaca served in the United States Army from November 1992 to November 1996. Shortly thereafter, Mr. Vaca sought benefits for certain service-related disabilities—retropatellar pain syndrome of both knees, tinea pedis for his left foot, and low back pain. On May 14, 1997, the Veterans Affairs Regional Office (1) granted service connection for retropatellar pain syndrome for both knees and assigned a single, combined 10 percent rating; (2) granted service connection for tinea pedis for Mr. Vaca's left foot, but assigned a noncompensable rating under the applicable rating criteria at the time; and (3) denied service connection for low back pain because Mr. Vaca had not submitted evidence of a "permanent residual or chronic disability" (i.e., there was no evidence of a current back disability). SAppx. 87–89.[1] No notice of disagreement was filed, and therefore these determinations became final.

In 2004, Mr. Vaca sought service connection for tinea pedis of his right foot. SAppx. 76. The Regional Office denied service connection because the evidence did not show a chronic disability. *Id.*

---

[1] "SAppx." refers to the supplemental appendix filed by the Government.

In 2009, Mr. Vaca sought increased benefits for his knee and foot conditions, which were granted by the Regional Office. SAppx. 75–80. Regarding Mr. Vaca's knee disability, the Regional Office found an increased disability based on a 2009 examination and thus granted individual 10 percent ratings for each knee (rather than the single 10 percent rating for both knees together). SAppx. 75, 77. For Mr. Vaca's foot condition, the Regional Office reopened Mr. Vaca's claim for service connection for his right foot (in addition to his left) based on the new 2009 examination, granted service connection for the right foot, and assigned a 10 percent rating for his bilateral condition. SAppx. 76–77.

In 2012, the Regional Office made a decision to recoup an overpayment of benefits to Mr. Vaca in 2009 by reducing his disability compensation. SAppx. 9. This was because Mr. Vaca had received active service pay for five days in 2009, and thus was not entitled to disability compensation at the same time. *Id.*; Appellant's Br. 13.[2]

In 2014, Mr. Vaca filed a motion to revise, on the basis of clear and unmistakable error (CUE), the 1997 and 2009 ratings determinations as well as the 2012 decision to reduce compensation to offset an overpayment by the agency. SAppx. 66–67; *see* SAppx. 2. The Regional Office denied CUE. SAppx. 66–74. The Board affirmed. SAppx. 12–28. The CAVC affirmed. SAppx. 1–10; *Vaca*, 2021 WL 422506, at *7.

Mr. Vaca now appeals to this court.

---

[2] "Appellant's Br. __" refers to pages in Mr. Vaca's informal brief as numbered by operation of the Court's electronic filing system.

## DISCUSSION

Our jurisdiction over appeals from the Veterans Court is limited.  We are permitted to "decide all relevant questions of law, including interpreting constitutional and statutory provisions."  38 U.S.C. § 7292(d)(1).  But we cannot review a challenge to a factual finding or a challenge to a law or regulation as applied to the facts of a case, except to the extent that an appeal presents a constitutional issue.  *Id.* § 7292(d)(2); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

On appeal, Mr. Vaca makes a number of arguments challenging the Veterans Court's decision, but they all involve challenges to the application of the law to the facts in Mr. Vaca's case—questions that we may not review.

For instance, construing Mr. Vaca's brief liberally, we understand Mr. Vaca to argue that the Veterans Court's decision is in conflict with Veterans Court cases in which the court remanded due to inadequate VA medical examination.  Appellant's Br. 5 (first citing *Reonal v. Brown*, 5 Vet. App. 458, 461 (1993); then citing *Stegall v. West*, 11 Vet. App. 268 (1998); and then citing *Barr v. Nicholson*, 21 Vet. App. 303, 311 (2007)).  None of those cases involved claims of CUE.  Here, the Veterans Court simply applied the established law to the facts of Mr. Vaca's case in rejecting his argument of CUE based on inadequate examination.  SAppx. 4–5 (citing *George v. Wilkie*, 32 Vet. App. 318, 327 (2020) ("[A] duty-to-assist error is not sufficient to constitute CUE.")); *Vaca*, 2021 WL 422506, at *3.

As to Mr. Vaca's argument that the Veterans Court decided constitutional issues, we understand Mr. Vaca to first argue that the Board failed to reference certain medical evidence.  Appellant's Br. 6–7.  This, however, is not a constitutional issue but instead is a challenge to the application of the law to the facts of Mr. Vaca's case, as it challenges whether the Board gave adequate reasons for its decision.  *Buchert v. Shinseki*, 423 F. App'x 988, 990

(Fed. Cir. 2011) ("[D]etermining whether the Board provided a sufficient statement of the reasons for its decision involves the application of law to facts."). We therefore do not have jurisdiction to consider this question. The second issue we understand Mr. Vaca to raise in this section is that the VA failed in its duty to assist by "explain[ing] fully the issues and suggest[ing] the submission of evidence." Appellant's Br. 6–7 (quoting 38 C.F.R. § 3.103(d)(2)). But as stated above, this is an application of law to fact, not a constitutional issue, and we therefore do not have jurisdiction to consider this question. Mr. Vaca's characterization of these arguments as constitutional does not give this court jurisdiction over those questions. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Mr. Vaca also appears to challenge the Board's determination that the 2009 Regional Office decisions became final because he did not submit a notice of disagreement. Appellant's Br. 8. Mr. Vaca contends that "[w]hether a [n]otice of [d]isagreement [Appeal] is adequate is an appealable issue." *Id.* (fourth alteration in original). It is unclear how this would affect Mr. Vaca's case, where he does not assert that he ever filed a notice of disagreement (timely or not, adequate in substance or not). Thus, whether or not the adequacy of a notice of disagreement is an appealable issue, it does not apply to Mr. Vaca's appeal.

Mr. Vaca also argues that the RO committed CUE by failing to notify him of the statutory or regulatory basis of his benefits reduction due to the overpayment when he was simultaneously receiving active duty pay. Appellant's Br. 13–14. The Board and the Veterans Court rejected this contention, both pointing to 38 U.S.C. § 5304(c), which forbids "compensation . . . for any period for which such person receives active service pay." Both the Board and the Veterans Court noted that Mr. Vaca failed to provide any legal authority that would support his claim that the Regional Office was required to notify him of the basis of the reduction and that its failure to do so was therefore CUE.

SAppx. 9, 24–25; *Vaca*, 2021 WL 422506, at \*6.    The
Board's and the Veterans Court's decisions were merely ap-
plications of the law regarding CUE and 38 U.S.C.
§ 5304(c) to the facts of Mr. Vaca's case.    Such decisions are
not within our jurisdiction to review.

The remainder of Mr. Vaca's challenges are, likewise,
directed to issues regarding the application of law to fact.
*See, e.g.*, Appellant's Br. 9 (arguing the Regional Office "in-
correctly applied statutory and regulatory provisions"),
10–11 (same), 14 ("error in its application of 38 CFR sec-
tion 3.156").    For instance, several of Mr. Vaca's arguments
simply argue that the Regional Office erred in denying a
higher rating or denying an earlier effective date.    *See, e.g.*,
*id.* at 11–13.    In other words, Mr. Vaca is arguing not that
the Regional Office wrongly interpreted a statute or regu-
lation but that its application of the statute or regulation
to Mr. Vaca's facts was erroneous.    We are unable to decide
the merits of these arguments as they are outside our ju-
risdiction.

We have considered Mr. Vaca's remaining arguments
on appeal and we conclude that none are within our juris-
diction.

CONCLUSION

Because we lack jurisdiction to consider the arguments
raised on appeal, we dismiss.

**DISMISSED**

COSTS

No costs.